IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYDNEY BRADSHAW,<br>Plaintiff | :<br>:<br>: | Civil Action No. 1:06-CV-256 |
| v. | :<br>: | (Judge Kane) |
| JOHN VICTOR CORASINITI II, and<br>JOHN VICTOR CORASINITI III,<br>Defendants | :<br>:<br>: | |

## MEMORANDUM AND ORDER

Pending before the Court is a pro se complaint and an application to proceed in forma pauperis. For the reasons that follow, Plaintiff's application to proceed in forma pauperis will be granted, and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      Background**

Plaintiff is a citizen of Guyana and was recently removed from the United States to that country by the Bureau of Immigration and Customs Enforcement. In the complaint, Plaintiff avers that while he was being detained at the York County Prison pending his removal, he entered into a contract with Defendants to "write a tort" on their behalf against York County, Pennsylvania and the Northern York County Regional Police Department to claim that the Defendants had been beaten by certain police officers. (Doc. No. 1.) Plaintiff claims that the Defendants agreed to pay him 20% of any judgment or settlement that was reached as a result of the civil action he drafted on their behalf. Plaintiff claims Defendants subsequently entered into a settlement of their claims, and that Defendants have failed to pay him the agreed-upon 20% contingency fee. Additionally, Plaintiff alleges that one of the Defendants "exclaimed the lude [sic] and lascivious desire of wanting to bugger the plaintiff and perform unnatural sex." (Doc. No. 1.) Plaintiff claims this Defendant "abused the U.S. and Guyanese postal service[s] to

further his insane homosexual behavior." (Id.)  Plaintiff seeks substantial damages resulting from such correspondence, which he claims caused him emotional pain.

## II.     Standard of Review

A court is required to review a pro se plaintiff's complaint prior to service of process under 28 U.S.C. § 1915(e).  This section states:

>    (2)    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>    (A)    the allegation of poverty is untrue; or
>    (B)    the action or appeal –
>
>        (i)    is frivolous or malicious;
>        (ii)   fails to state a claim on which relief may be granted; or
>        (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The standard of review for a section 1915(e)(2)(B)(ii) failure to state a claim is the same as the standard governing a Rule 12(b)(6) motion.  Grayson v. Mayview State Hosp., 293 F.3d 103, 110 (3d Cir. 2002).[1]

## III.    Discussion

Under Pennsylvania law, it is a misdemeanor to engage in the practice law without a license.  See Pa. Cons. Stat. Ann. § 2524(a).  Pennsylvania adheres to the well-established

---

[1] A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law.  Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1990).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

principle that illegal or unlawful contracts will not be enforced.  Holst v. Butler, 108 A.2d 740, 743 (Pa. 1954) (citation omitted).  Although there may be cases where the legal and illegal aspects of a contract can be severed from one another, Pennsylvania courts have held that if an essential term of a contract is deemed illegal, it renders the entire contract unenforceable by either party.  See Spinetti v. Serv. Corp. Int'l, 324 F.3d 212, 214 (3d Cir. 2003) (citing Diebler v. Chas. H. Eliot Co., 81 A.2d 557, 560-61 (Pa. 1951)).

Plaintiff does not aver, and nothing in the complaint suggests, the Plaintiff is licensed to practice law in the Commonwealth of Pennsylvania.  The central premise underlying Plaintiff's breach of contract claim is that he and Defendants entered into an agreement whereby he would draft a legal complaint alleging various torts on behalf of Defendants, who in turn agreed to pay him a contingency fee equal to 20% of any amounts recovered as a result of their lawsuit against York County police officers.  The contract was thus expressly made for the unauthorized practice of law within Pennsylvania.  Accordingly, the Court finds that under Pennsylvania law, Plaintiff's claims arising out of such contract are unenforceable and must be dismissed.

With respect to Plaintiff's claims that one of the Defendants humiliated him by propositioning him to engage in homosexual sex, the Court does not find that Plaintiff has articulated any cognizable tort.  Plaintiff does not allege that he has been defamed, but instead appears simply to have taken umbrage at Defendant's written proposition to him.  The Court finds that on the face of the complaint, Plaintiff has failed to articulate a claim upon which any relief could be granted.  Accordingly, Plaintiff's secondary tort claim must also be dismissed.

**IV.** **Order**

And now, this 22nd day of February 2006, for the reasons stated above, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is **GRANTED**.

2. The complaint (Doc. No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court shall close the file.

    S/ Yvette Kane
Yvette Kane
United States District Judge